CHIEF JUSTICE
  ROBERT D. BURNS, III

JUSTICES
  DAVID BRIDGES
  LANA MYERS
  ADA BROWN
  BILL WHITEHILL
  DAVID J. SCHENCK
  KEN MOLBERG
  LESLIE OSBORNE
  ROBBIE PARTIDA-KIPNESS
  BILL PEDERSEN, III
  AMANDA L. REICHEK
  ERIN A. NOWELL
  CORY L. CARLYLE

LISA MATZ
CLERK OF THE COURT
(214) 712-3450
theclerk@5th.txcourts.gov

GAYLE HUMPA
BUSINESS ADMINISTRATOR
(214) 712-3434
gayle.humpa@5th.txcourts.gov

FACSIMILE
(214) 745-1083

INTERNET
WWW.TXCOURTS.GOV/5THCOA.ASPX



**Court of Appeals**
**Fifth District of Texas at Dallas**

600 COMMERCE STREET, SUITE 200
DALLAS, TEXAS 75202
(214) 712-3400

April 11, 2019

Mr. Earl R. Waddell III
Waddell & Waddell PC
P.O. Box 15
Colleyville, Texas 76034

Mr. William Araiza
Araiza Law
4809 Cole Ave., Suite 260
Dallas, Texas 75205

RE:    Court of Appeals Number:    05-19-00261-CV
       Trial Court Case Number:    380-50620-2010

Style:  In the Interest of C.R.K., A Child

Dear Counsel:

After reviewing the clerk's record, the Court questions its jurisdiction over this appeal. Specifically, it appears the case may be moot. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) (court must dismiss case that is or becomes moot).

The notice of appeal recites appellant is challenging the trial court's December 21, 2018 order regarding the transfer of the child's passport. Under the challenged order, appellant was to take certain actions by dates that have passed. Therefore, it appears any ruling the Court were to make cannot affect the parties' rights or interests, and the case is moot. *See id.* (case is moot when trial court's action on merits cannot affect parties' rights or interests).

So that the Court may determine the threshold issue of jurisdiction, appellant is directed to file, no later than April 23, 2019, a letter brief addressing the Court's concern. Appellee may file any response within ten days of the filing of appellant's letter brief. If either party relies on information not included in the clerk's record, that party shall have filed a supplemental clerk's record containing that information.

Until the Court determines its jurisdiction, appellant's brief on the merits need not be filed. A new deadline will be set should the Court determine it has jurisdiction. If the Court determines it lacks jurisdiction, the Court will dismiss the appeal without further notice. *See* TEX. R. APP. P. 42.3(a). The Court may also dismiss the appeal without further notice should appellant fail to file the requested letter brief. *See id.* 42.3(a),(c).

Respectfully,

/s/ Lisa Matz, Clerk of the Court

ltr/lp